UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

        v.                                             **MEMORANDUM AND ORDER**
                                                   21-CR-54 (RPK) (PK)

DAVID GENTILE
and JEFFRY SCHNEIDER,

        Defendants.
-------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

The government moves *in limine* to preclude defendants from invoking "civil fraud principles," including concepts of justifiable reliance, the "bespeaks caution" doctrine, and the "forward-looking statements" safe harbor. Gov't's Mot. in Limine 1–2 (Dkt. #325). It argues that defendants seek to invoke civil-fraud principles to "impermissibly shift[] the focus of the trial from [defendants'] conduct and the materiality of their misrepresentations onto the purported due diligence obligations of third parties and whether the victims of the fraud mistakenly relied on the defendants' lies." Gov't's Reply Br. 1 (Dkt. #348).

The government identifies three categories of evidence that it seeks to preclude under Federal Rules of Evidence 401 and 403 on this basis: (1) contractual disclaimers in the agreements signed by investors upon investing in GPB funds, which include statements that the investors had not relied upon any representations or other information other than those provided in the Private Placement Memorandum and Limited Partnership Agreement; (2) documents relating to the purported sophistication and due diligence obligations of GPB's investors; and (3) documents relating to the purported due diligence obligations of third parties, including broker-dealers and registered investment advisors ("RIAs"). *Ibid.*; Gov't's Mot. in Limine 3. The government attaches more than 100 pages of exhibits to its motion.

This order addresses whether defendants can invoke civil fraud principles and provides some guidance on the application of those principles to exhibits at trial, so that the parties can tailor their openings accordingly. A determination of the admissibility of particular exhibits will require some individualized analysis, and I intend to make those determinations during trial.

## DISCUSSION

As set forth below, I expect to permit defendants to present evidence of the total mix of information actually before investors, while precluding information about the civil law duties of broker dealers, RIAs, or investors.

The criminal charges in this case have different elements than civil-law fraud claims do. To prove the charges alleged in the indictment, the government must establish, *inter alia*, that defendants made misrepresentations that were material. A misrepresentation is material where there is a "substantial likelihood" that the alleged misrepresentation "would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *United States v. Landesman*, 17 F.4th 298, 341 (2d Cir. 2021) (citation omitted). Civil fraud claims have distinct requirements, including justifiable reliance and damages. But those "requirements of justifiable reliance and damages . . . plainly have no place in the federal fraud statutes," and therefore "contractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial." *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) (quoting *Neder v. United States*, 527 U.S. 1, 24–25 (1999)) (quotation marks and alterations omitted). Similarly, defendants facing criminal fraud charges cannot rely on the bespeaks caution doctrine or the forward-looking statements safe harbor, which limit civil liability for certain misleading statements that are forward-looking. *See, e.g.*, *United States v. Weaver*, No. 13-CR-120 (SJF) (AKT), 2014 WL 173489, at *2 & n.4 (E.D.N.Y. Jan. 10, 2014).

Applying these principles here, the government's motion is denied insofar as it seeks to prevent defendants from offering into evidence contractual documents provided to investors that contain representations and disclaimers regarding the GPB Funds. Defendants may offer evidence about the totality of the information that defendants made available to investors, including information contained in contractual disclaimers, so that defendants can argue that alleged misrepresentations were not material in light of all the information given to investors. The disclaimers contained in materials provided to investors are not "wholly irrelevant to materiality." *United States v. Guo*, No. 23-CR-118 (AT), 2024 WL 1939221, at *8 (S.D.N.Y. May 2, 2024). Rather, transactional disclaimers provided by defendants or their companies to investors that contain warnings, such as about an investment's liquidity and about whether distributions would be paid, *see* Defs.' Mem. in Opp'n 3 (Dkt. #342), "are part of the 'total mix' of information for the jury to consider," and therefore they are relevant to whether a given misrepresentation "would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *Guo*, 2024 WL 1939221, at *8; *see Weaver*, 860 F.3d at 97 (noting that even though contractual disclaimers did not entitle defendant to a judgment of acquittal, they were still "relevant to the jury's determination of [defendant's] guilt"). Defendants may not argue based on these disclaimers, however, that they cannot be convicted because investors did not reasonably rely on their misrepresentations, as evidenced by the fact that investors signed contractual disclaimers foreswearing reliance. As noted above, reasonable reliance is not an element of the relevant criminal statutes.

In contrast, I anticipate precluding exhibits and testimony relating to the due diligence obligations of broker-dealers, RIAs, and investors. These are legal duties imposed on various parties that might be relevant to civil liability. But evidence of the type of investigation that

investors or third parties are legally supposed to undertake—as opposed to the investigation that they actually do undertake—does not go directly to "the total mix of information made available" to investors. And I agree with the government that to the extent these due-diligence obligations have any indirect relevance bearing on the defendants' *mens rea* when making alleged misrepresentations, the probative value of this evidence would be substantially outweighed by the risk of confusion and of unfair prejudice. *See* Fed. R. Evid. 403. Specifically, there is a substantial risk of confusion from introducing evidence of third parties' civil law obligations into a criminal case. And there is a risk of unfair prejudice from the presentation of evidence that victims or investment advisors fell short of civil obligations in some way, when any supposed negligence on the part of victims or advisors is not relevant to defendants' criminal liability. *See United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009) (explaining that in the criminal fraud context, "[a] perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence").

## CONCLUSION

The government's motion concerning civil-law principles is granted in part and denied in part as set forth above.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: June 11, 2024
      Brooklyn, New York

4