UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

       v.

DAVID GENTILE
and JEFFRY SCHNEIDER,

       Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CR-54 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

Defendants' motion *in limine* to limit the government's summary slides and testimony is denied in part and granted in part.

## BACKGROUND

I assume the parties' familiarity with the background of this case. On April 19, 2024, the government disclosed to defendants that they expect to call Michael Petron—a director of a global investment bank and advisory firm who holds licenses as a Certified Public Accountant and Certified Fraud Examiner—as a summary witness during their case-in-chief. The government stated that Petron would be summarizing cash flows for three GPB funds and financial information contained in certain GPB quarterly and annual reports. The government advised that "[t]o streamline the presentation of the voluminous underlying evidence," it would "utilize summary charts reflecting Mr. Petron's flow of funds analysis," which the government categorized as summary evidence under Federal Rule of Evidence 1006, not opinion testimony under Rule 702. Ex. A to Defs.' Mot. in Limine 2 (Dkt. #337-3). The government provided defendants with initial draft summary slides on April 26, 2024, and updated draft summary slides on May 27, 2024, *see* Ex. B to Defs.' Mot. in Limine ("Summary Slides") (Dkt. #338-1).

1

Defendants acknowledge that "flow-of-funds testimony can be proper summary evidence" and that "some of Petron's slides here are proper flow-of-funds summary exhibits," but they argue that other slides are not admissible under Rule 1006 because they "go several steps farther than merely summarizing various bank transfers reflected in voluminous bank records, and instead draw conclusions, adopt contentious terminology, display inflammatory colored markings, introduce calculations without explanation, replicate select non-voluminous documents in an argumentative depiction, and are otherwise more prejudicial than probative." Defs.' Reply Br. 1–2 (Dkt. #355). Accordingly, defendants move to preclude the government from introducing those slides, or in the alternative, seek "safeguards to mitigate the substantial risk that the jury will be given the misimpression that Petron is providing expert testimony." Defs.' Mot. in Limine 12 (Dkt. #337-1).

## LEGAL STANDARD

Rule 1006 provides that parties "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. "A summary must of course be based on foundation testimony connecting it with the underlying evidence summarized and must be based upon and fairly represent competent evidence already before the Court." *United States v. Neumann*, No. 21-CR-439-01 (NSR), 2023 WL 8700974, at *7 (S.D.N.Y. Dec. 14, 2023) (alterations omitted) (quoting *Fagiola v. Nat'l Gypsum Co. ACS., Inc.*, 906 F.2d 53, 57 (2d Cir. 1990)). The Second Circuit "ha[s] regularly affirmed the use of such charts." *United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010) (quotation marks omitted) (quoting *United States v. Yousef*, 327 F.3d 56, 158 (2d Cir. 2003)).

**DISCUSSION**

Defendants' request to preclude the government from introducing summary slides pursuant to Rule 1006 is denied. Likewise, defendants' request that the government identify additional underlying data, methodologies, and assumptions relied upon by Petron is denied. Defendants' request for certain safeguards surrounding the introduction of the summary evidence is granted in part and denied in part, as set forth below.

### I. Preclusion of Summary Slides

#### 1. "Coverage" Conclusions

Defendants argue that several slides improperly present conclusions, opinions, or arguments regarding "coverage." *See* Defs.' Mot. in Limine 5–8. The charts in slides 2, 4, 9, 11, 16, and 18 contain boxes indicating what percentage of distributions were "covered by operations." The charts in slides 6, 7, 13, 14, 20, and 21 characterize certain calculations as the "percentage of distributions covered by income." Defendants contend that these slides are inadmissible under Rule 1006 because "[t]he meaning and concept of 'coverage' is in dispute." *Id.* at 6. They claim that the financial records that Petron in summarizing do not explicitly reference "coverage," and that coverage is a non-Generally Accepted Accounting Principles ("non-GAAP") metric "for which there is no 'right formula'" because it has "no uniform definition." *Id.* at 5 (quoting *Ironworkers Loc. 580—Joint Funds v. Linn Energy, LLC*, 29 F. Supp. 3d 400, 426 (S.D.N.Y. 2014)).

The government states that it "intends to elicit testimony from Mr. Petron that (i) the government instructed him as to which formulas to use; and (ii) he is not expressing an opinion on the definition of coverage" or "the proper way to calculate the coverage ratio." Gov't's Opp'n 6

(Dkt. #350). Moreover, the government intends to present testimony from other witnesses and documentary evidence to corroborate the formulas it instructed Petron to apply. *Id.* at 5.

Given that the government will elicit that Petron is not endorsing a particular definition of or methodology of calculating coverage, the summary slides do not improperly present conclusions, opinions, or arguments regarding "coverage." *See United States v. Lebedev*, 932 F.3d 40, 50 (2d Cir. 2019) ("Once the court clarified to the jury that [the summary witness] Rollins was not endorsing the FIFO methodology, it was within its discretion to conclude that Rollins's application of the method was not an expert opinion but rather merely a summary of the relevant financial records.").

### 2. Other Mathematical Conclusions

Next, defendants argue that several slides improperly draw other mathematical conclusions. *See* Defs.' Mot. in Limine 8–9. Defendants argue that slides 2, 9, 11, 16, and 18 improperly use the term "net" to describe money flowing from a GPB investment account to a GPB distribution account without explaining how the "net" figures were derived. *See id.* at 8. But the government has explained the calculation in its briefing and defendants are free to cross-examine Petron on his use of this commonly used term. *See United States v. Lynch*, 735 F. App'x 780, 786 (3d Cir. 2018) (rejecting challenge to a summary chart that "identifies the net withdrawals from six [defendant]-controlled bank accounts"); *United States v. Maurya*, 25 F.4th 829, 839 (11th Cir. 2022) (rejecting challenge to a summary chart identifying "net income").

Defendants also argue that slides 2, 4, 9, 11, 16, and 18 improperly indicate that distributions flowed to "Investors (Phoenix American)" without "separately calculating" (a) the flow of money between GPB and Phoenix American (the entity that administered monthly distribution payments to GPB investors on behalf of GPB), and (b) the flow of money between

Phoenix American and GPB investors. Defs.' Mot. in Limine 9. The government responds that it intends to present evidence that "the money flowing from the GPB distribution accounts and 'Investors (Phoenix American)' was almost exclusively distribution payments to investors," and that in any case it's not improper to "fold together the investors and Phoenix American for purposes of showing the money flowing into a GPB distribution account." Gov't's Opp'n 6 & n.7. Defendants haven't provided any persuasive reason why the summary slides cannot summarize the flow of funds in such a way, and defendants will have the opportunity to cross-examine Mr. Petron on the calculation.

### 3. Non-Voluminous Records

Defendants also object to various slides on the basis that they do not summarize "voluminous" records as required by Rule 1006. *See* Defs.' Mot. in Limine 9–10.

Defendants argue that slides 28 and 29 (which contain tables depicting "examples of transfers from investment to distribution with transfers to Phoenix American on the same day") and slide 22 (which contains a flow chart depicting "payment to GPB Automotive Portfolio [on] May 20, 2016") improperly "cherry-pick[] certain account transfers to highlight." *Id.* at 9–10. However, I agree with the government that these are the sort of summary slides that Rule 1006 permits, as they are "use[d] . . . to draw the jurors' attention to particular evidence culled from a voluminous set of records," *Yousef*, 327 F.3d at 158.

Defendants argue that slide 23 (which displays a cancelled check) and slide 24 (which displays a QuickBooks audit trail) do not summarize voluminous records because they present images of discrete documents. Defs.' Mot. in Limine 9. However, it is permissible for a summary witness to "also read admissible non-summary evidence into the record." *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, 636 F. Supp. 3d 144, 161 (D.D.C. 2022). Assuming that these exhibits

5

have been admitted into evidence before the summary witness testifies, the summary witness is free to show them to the jury when he testifies.

Defendants argue that slides 25 and 26 are not admissible under Rule 1006 because they summarize a single government exhibit that is "not voluminous." Defs.' Mot. in Limine 10. The government responds that even if slides 25 and 26 do not satisfy the requirements of Rule 1006, they "are demonstratives that will aid the jury." Gov't's Opp'n 2 n.3. Assuming the underlying government exhibits are admitted, Mr. Petron may use those charts as demonstratives to explain his testimony. "Pedagogical devices or demonstratives have long been recognized in the form of summaries, charts and other aids used by parties to organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence." *United States v. Dolney*, No. 04-CR-159 (NGG), 2005 WL 2129169, at *4 (E.D.N.Y. Sept. 1, 2005) (citations, quotation marks, and alterations omitted), *aff'd sub nom. United States v. Pirgousis*, 290 F. App'x 388 (2d Cir. 2008). However, if slides 25 and 26 are admitted as demonstratives, then those slides cannot be taken to the jury room, *see ibid.* ("[P]edagogical devices . . . should not be admitted as an exhibit or taken to the jury room." (citation and quotation marks omitted)), and I will also give a limiting instruction regarding the purpose of demonstratives if desired by defendants, *see Castaldi v. Land Rover N. Am., Inc.*, 363 F. App'x 761, 762 (2d Cir. 2009).

### 4. Rule 403 Objection

Contrary to defendants' contentions, slides 30 and 31, which purport to show the flow of certain funds to and from Mr. Schneider and Mr. Gentile, are not substantially more prejudicial than probative. *See* Defs.' Mot. in Limine 10. I previously ruled at the final pretrial conference that the government would be permitted to present evidence that the defendants benefited from fees received through the alleged scheme, as such evidence is relevant to defendants' motive and

6

"its probative value" is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. I reach the same ruling here, for substantially the reasons I explained at the final pretrial conference.

## II.  Identification of Underlying Data, Methodologies, and Assumptions

Defendants further request that the Court "order the Government to promptly identify the underlying data, methodologies, and assumptions relied upon by Petron" in slides 2, 4, 9, 11–12, 16, 18–19, 22, 27, and 30–31 "so that the defense can confirm whether his 'summaries' are accurate and based on admissible evidence." Defs.' Mot. in Limine 12. To be sure, "[c]ourts should not admit a summary chart 'unless a proper foundation is established connecting the numbers on the chart with the underlying evidence.'" *Id.* at 3 (quoting *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1986)). However, the government is not obliged to establish the proper foundation in advance of trial, but rather during its direct examination. *See Citron*, 783 F.2d at 316 (district court abused its discretion by admitting a summary chart without a proper foundation "on the theory that 'if it is weak, cross examination will destroy it totally'"). And establishing that foundation does not require "detailed testimony stating the basis of each calculation undertaken when a summary chart is prepared. All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it." *Id.* at 317. In any case, the slides already list the source of the summary material, which has been produced to defendants in discovery, and the government has also answered questions raised by defendants' counsel about the slides. *See* Gov't's Opp'n 8; Defs.' Reply Br. 2 n.1 (acknowledging that the government "provided the defense with additional information"). Therefore, I will not

7

order the government to provide any additional, more detailed information to defendants. Obviously, the defendants are free to question the witness about the summary slides at trial.

### III. Safeguards

Defendants request in the alternative that if the Court permits admission of the objected-to slides under Rule 1006, that the Court implement certain safeguards to avoid unfair prejudice and misleading the jury. Their requests are granted in part and denied in part.

To begin, Mr. Petron may describe his professional background, including his licenses as a Certified Fraud Examiner ("CFE") and Certified Public Accountant ("CPA"), but he should not answer additional questions about his CFE credential to avoid giving the jury the impression that he is testifying in an expert capacity.

Second, I will instruct the jury regarding the limitations of purported summary charts and testimony, and we can discuss the specific contours of that instruction at a charge conference later in the trial.

Finally, I will not preclude the jury from viewing during deliberations the summary charts that are admitted under Rule 1006, as distinct from the exhibits that are demonstratives. The Second Circuit "has long . . . allowed the jury to have [summary] charts in the jury room during its deliberations," provided that the judge gives a proper instruction regarding the limitations of the summary evidence. *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) (citations omitted). Given that I plan to instruct the jury that it is not to consider the charts as evidence, I will not preclude the jury from viewing the charts during deliberations.

## CONCLUSION

Defendants' motion is granted in part and denied in part, as set forth above.

SO ORDERED.

                                                             */s/ Rachel Kovner*
                                                             RACHEL P. KOVNER
                                                             United States District Judge

Dated: June 18, 2024
       Brooklyn, New York