UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

        v.

DAVID GENTILE
and JEFFRY SCHNEIDER,

                 Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CR-54 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

The government has moved *in limine* to preclude defendants' proposed experts or, in the alternative, for an order directing defendants to supplement their disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C).  *See* Gov't's Mot. in Limine (Dkt. #324).  For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

On May 20, 2024, defendants noticed three potential expert witnesses: Jason Flemmons, Erica Bramer, and Keith Palzer.  *See* Ex. A to Gov't's Reply Br. ("Initial Disclosures") (Dkt. #345-1).[1]  On May 28 and May 29, 2024, defendants provided supplements to their initial disclosures.  *See* Ex. B to Gov't's Reply Br. ("First Suppl. Disclosures") (Dkt. #345-2) (supplemental disclosures for Mr. Flemmons and Ms. Bramer); Ex. C to Gov't's Reply Br. ("Second Suppl. Disclosures") (Dkt. #345-3) (supplemental disclosures for Mr. Palzer).

The government argues that defendants' initial and supplemental expert disclosures for Mr. Flemmons and Mr. Palzer fall short of the requirements of Federal Rule of Criminal Procedure

---

[1] Citations to defendants' initial disclosures and supplemental disclosures follow the ECF pagination.  All other citations follow the internal pagination, unless otherwise noted.

16(b).  *See* Gov't's Mot. in Limine 5–7; Gov't's Reply Br. 5–7 (Dkt. #345).[2]  The government additionally argues that "the proposed expert testimony is likely to be largely irrelevant, prejudicial, or misleading," but that the government cannot "readily identify" all admissibility issues without further disclosures from defendants.  Gov't's Mot. in Limine 7.  The government moves to preclude the proposed expert testimony or, in the alternative, for an order directing defendants "to comply with Rule 16(b)(1)(C) by immediately providing revised disclosures, including expert reports, the materials relied on and provided to their proposed experts, and Rule 26.2 disclosures."  *Id.* at 2.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 requires parties to make certain disclosures pertaining to expert testimony they will seek to offer at trial.  As relevant here, Rule 16(b)(1)(C)(iii) provides that "[t]he disclosure for each expert witness must contain: [1] a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; [2] the bases and reasons for them; [3] the witness's qualifications, including a list of all publications authored in the previous 10 years; and [4] a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."  Fed. R. Crim. P. 16(b)(1)(C)(iii).

"[A] statement of an opinion's bases and reasons cannot merely be 'the *ipse dixit* of the expert' from experience."  *United States v. Mrabet*, No. 23-CR-69 (JSR), 2023 WL 8179685, at *2 (S.D.N.Y. Nov. 27, 2023) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).  "An expert opinion requires some explanation as to how the expert came to his conclusion and what

---

[2] The government initially argued that defendants' disclosures for Ms. Bramer were inadequate as well.  After receiving defendants' supplemental disclosures, the government stated that "[a]ssuming Erica Bramer's testimony is confined to the demonstrative and summary slides provided in the defendants' supplemented disclosure, her slides are sufficiently clear that the government can at least divine the gist of the proposed testimony."  Gov't's Reply Br. 2 n.4.

methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006).

Where a party fails to comply with Rule 16's disclosure requirements, "a district court has broad discretion in fashioning a remedy," *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (citation and alterations omitted), including by "prohibit[ing] that party from introducing the undisclosed evidence" or "enter[ing] any other order that is just under the circumstances," Fed. R. Crim. P. 16(d)(2).

## DISCUSSION

Defendants' expert disclosures for Mr. Flemmons and Mr. Palzer fail to disclose "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). But defendants will be permitted a brief window to supplement their disclosures.

### 1. Mr. Flemmons

Defendants anticipate that Mr. Flemmons, a Certified Public Accountant ("CPA") and Certified Fraud Examiner ("CFE"), may be called to testify on the preparation and analysis of financial statements, the process of auditing financial statements, the calculation of distributions, and other similar topics. *See* Initial Disclosures 2–6.

Defendants' initial disclosures include the following information pertaining to Mr. Flemmons's potential expert testimony: (i) a list of nine potential topics, spanning approximately two pages, on which Mr. Flemmons would be expected to testify, *see id.* at 4–6; (ii) a paragraph listing "Mr. Flemmons's bases for his explanations and opinions" on those topics, *id.* at 6; (iii) approximately three pages describing the qualifications of Mr. Flemmons, *id.* at 2–4; and (iv) Mr. Flemmons's CV, which also includes a list of cases in which he has testified as an expert at trial

or by deposition in the previous four years, as well as all publications he authored in the previous ten years, *id.* at 15–24.

Defendants' supplemental disclosures include the following additional information pertaining to Mr. Flemmons's potential expert testimony: (i) an appendix of the government and defense exhibits that form the bases for the opinions about which Mr. Flemmons is expected to testify at trial, *see* First Suppl. Disclosures 2, 6; (ii) summary exhibits and/or demonstratives that would be used during Mr. Flemmons's testimony*, see id.* at 2; and (iii) Mr. Flemmons's underlying work papers, *see ibid.*

Even taking into account the supplemental disclosures, defendants have failed to meet the requirements of Rule 16(b) with respect to Mr. Flemmons.  To begin, defendants' initial disclosures "[m]erely identify[]" many of "the general topics about which [Mr. Flemmons] will testify" rather than "reveal[ing] [his] actual opinions." *United States v. Kaufman*, No. 19-CR-504 (LAK), 2021 WL 4084523, at *19 (S.D.N.Y. Sept. 8, 2021) (citation omitted), *aff'd*, No. 21-2589, 2023 WL 1871669 (2d Cir. Feb. 10, 2023).  For example, the initial disclosures state that Mr. Flemmons may testify regarding "the accounting practices related to establishing contractual arrangements," "the methods to determine funds from operations using . . . the financial statements," and "[h]is analysis and tracing related to the 2014 performance guarantees," Initial Disclosures 4, without specifying what Mr. Flemmons will opine on any of those general topics. *Accord, e.g.*, *United States v. Kwok*, No. 23-CR-118 (AT), 2024 WL 1773143, at *2 (S.D.N.Y. Apr. 24, 2024) (finding disclosures deficient under Rule 16(b) because they stated that an expert may opine on topics such as "'what a cryptocurrency is,' 'the characteristics of [H Dollar] and [H Coin] as cryptocurrencies,' 'typical practices given the lack of comprehensive regulation of

cryptocurrency exchanges,' and 'what stablecoins are'" without "indicat[ing] [the expert's] actual opinions on these topics").

Further, to the extent that the initial disclosures preview Mr. Flemmons's opinions on certain topics—for example, "that GPB's auditor's workpapers reflect their testing of performance guarantees for the years 2014 and 2015," and "that it is not uncommon for auditors to request a memorialization of an agreement and for companies to provide it as part of the audit process to support transactions reported in the financial statements," Initial Disclosures 5—defendants do not sufficiently provide the bases and reasons for those opinions as required under Rule 16(b)(1)(C)(iii).  The initial disclosures state generally that Mr. Flemmons relied on "his education, training, professional experience, and other specialized knowledge," his review of certain enumerated materials, and his review of accounting and auditing standards.  *See id.* at 6.  But such a statement falls far short of explaining "how [Mr. Flemmons] came to his conclusion and what methodologies or evidence substantiate that conclusion."  *Riegel*, 451 F.3d at 127.

Defendants' supplemental disclosures—which include Mr. Flemmons's underlying work papers and PowerPoint slides that would accompany his testimony—shed some additional light on the content of Mr. Flemmons's anticipated testimony.  However, the supplemental disclosures do not address all topics previewed in the initial disclosures.  Moreover, as described by the government, *see* Gov't Reply Br. 6–7, the supplemental disclosures do not adequately explain how Mr. Flemmons reached various conclusions.

### 2.  Mr. Palzer

Defendants anticipate that Mr. Palzer, a registered broker-dealer and purported expert on fund design, may be called to testify on the process by which private equity funds are marketed and approved for sale, the product features of GPB funds, due diligence requirements and

disclosure practices for private equity funds, and the significance of alleged misrepresentations, among other similar topics. *See* Initial Disclosures 6–9.

Defendants' initial disclosures as to Mr. Palzer included a list of seven potential topics, spanning just over one page, on which Mr. Palzer would be expected to testify. *See id.* at 7–9. Defendants disclosed the opinions they expected Mr. Palzer to render as to some, but not all, of these topics. *See ibid.* The initial disclosures also included (i) a paragraph describing the "industry-standard methodologies for review of materials" that Mr. Palzer would "employ in his opinions" on those topics, *see id.* at 9; (ii) approximately one page describing the qualifications of Mr. Palzer, *see id.* at 6–7; and (iii) Mr. Palzer's CV, which also includes a list of cases in which he has testified as an expert at trial or by deposition in the previous four years (he has not authored any publications in the previous ten years), *see id.* at 26–27.

Defendants' supplemental disclosures include the following additional information pertaining to Mr. Palzer's potential expert testimony: (i) an appendix of the government and defense exhibits that form the bases for the opinions about which Mr. Palzer is expected to testify at trial, *see* Second Suppl. Disclosures 2, 5–6; (ii) summary exhibits that would be used during Mr. Palzer's testimony, *see id.* at 2; (iii) Mr. Palzer's underlying work papers, *id.* at 2; and (iv) demonstratives that would be used during Mr. Palzer's testimony, *see ibid.*

Those disclosures fall short of Rule 16(b)'s requirements for substantially the same reasons explained above. As with the disclosures regarding Mr. Flemmons's expert testimony, the disclosures pertaining to Mr. Palzer do not provide the actual opinions of Mr. Palzer as to many of the topics on which defendants anticipate he will testify. Further, for those topics as to which defendants did provide Mr. Palzer's opinions, the disclosures do not contain the requisite "bases and reasons" for those opinions because they fail to provide "some explanation as to how the expert

came to his conclusions and what methodologies or evidence substantiate that conclusion." *Riegel*, 451 F.3d at 127.  The single-sentence explanation that Mr. Palzer's opinions are founded in "his education, knowledge, and experience in the fund industry," Initial Disclosure 9, is an "'*ipse dixit* of the expert' from experience" statement that is inadequate to satisfy the Rule 16 standard, *Mrabet*, 2023 WL 8179685, at *2.  And while the three PowerPoint slides the defendants disclosed in their second supplemental disclosure "provided additional details about the conclusions drawn by" Mr. Palzer, Defs.' Br. in Opp'n 4, they do not provide sufficient explanation of how Mr. Palzer came to those conclusions, *see* Gov't's Reply Br. 6.

### 3.  Remedy

Although defendants' expert disclosures for Mr. Flemmons and Mr. Palzer fail to comply with Rule 16(b)(1)(C)(iii), "the extreme remedy of preclusion" is not required, *United States v. Raniere*, 384 F. Supp. 3d 282, 327 (E.D.N.Y. 2019), because defendants at least previewed their disclosures before the start of trial, and several weeks remain before defendants will begin their cases-in-chief.  However, to permit the government adequate time to respond, revised notices for Mr. Flemmons and Mr. Palzer must be provided by June 24, 2024.  The government may file a renewed motion to preclude or seek a *Daubert* hearing by June 27, 2024, with responses due July 1, 2024, and any replies due July 3, 2024.

### CONCLUSION

The government's motion is granted in part and denied in part, as set forth in this order.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: June 20, 2024
       Brooklyn, New York