

U.S. Department of Justice

United States Attorney
Eastern District of New York

JKW/NMA
F. #2018R01064

271 Cadman Plaza East
Brooklyn, New York 11201

September 1, 2025

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
Brooklyn, New York 11201

      Re:   United States v. Gentile, et al.
              Criminal Docket No. 21-54 (RPK)

Dear Judge Kovner:

        The government respectfully submits this letter on behalf of the parties to provide the Court with an update on the status of restitution. See August 1, 2025 minute order, No. 21-CR-54 (RPK). The parties respectfully submit that the Court should not order restitution in this case because doing so would be impracticable and because the need to provide restitution is outweighed by the burden on the sentencing process. See 18 U.S.C. § 3663A(c)(3). In lieu of restitution, the government is coordinating with the receiver in the parallel SEC enforcement action to remit the proceeds of any forfeiture ordered by the Court.

        The Mandatory Victim Restitution Act (the "MVRA"), 18 U.S.C. § 3663A, provides that the Court is not required to order restitution where (A) "the number of identifiable victims is so large as to make restitution impracticable" or (B) "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." Id. § 3663A(c)(A), (B). As the Court is aware, there are thousands of victims in this case. In April 2025, the receiver distributed nearly $400 million to investors in three GPB funds, including two of the funds at issue in this case. See SEC v. GPB Capital Holdings, LLC, et al., No. 21-CV-583 (MKB) (E.D.N.Y.). The receiver's work is ongoing and it is likely that further distributions will be made in the future. Those distributions would reduce the amount of the victims' losses and therefore reduce the amount of restitution to be ordered by the Court. The cost and time associated with calculating each victim's loss, determining whether the victim has already been or will be compensated through the receivership, and then paying out a percentage of the victim's losses through a mechanism to be established by the Court, will delay payment and diminish the amount of money actually paid to victims. Courts have declined to impose restitution where, as here, doing so would require the Court to fix loss amounts for potentially thousands of individual victims and set up a parallel and duplicative distribution

mechanism. See, e.g., United States v. Bankman-Fried, No. 22-CR-673 (LAK) (S.D.N.Y.); United States v. Madoff, No. 09-CR-213 (DC) (S.D.N.Y.); United States v. Sharma, No. 18-CR-340 (LGS) (S.D.N.Y.); United States v. Dos Santos, No. 20-CR-398 (GBD) (S.D.N.Y.).

In lieu of restitution, the government will instead seek to remit the proceeds of any court-ordered forfeiture to the victims. The forfeiture statutes authorize the Attorney General to remit proceeds of forfeiture pursuant to regulations set forth in 18 C.F.R. Part 9. See 21 U.S.C. § 853(i)(1). That process is overseen by the Money Laundering and Asset Recovery Section of the Department of Justice's Criminal Division ("MLARS"). The government has discussed this process with counsel for the receiver and MLARS, and the government understands that the receiver is amenable to submitting a remission petition. If MLARS grants the receiver's petition, proceeds of any court-ordered forfeiture can be distributed to the victims through the distribution mechanism already established and operated by the receiver. Doing so will save significant expense for the victims and will not "complicate or prolong the sentencing process." 18 U.S.C. § 3663A(c)(3).

Defendants agree that the Court should decline to order restitution under Section 3663A(a)(c)(3), both due to the impracticality of identifying which of the over 15,000 investors in the GPB funds qualify as victims for purposes of restitution, and due to the burden that resolving the numerous complex factual issues would place on the sentencing process compared to the limited need for any purported victims to recover in this forum.

Indeed, the need for recovery through these criminal proceedings is extraordinarily low. Not only does the court-appointed receiver report having access to over $700,000,000 in cash, which is likely to be distributed to investors, but investors' interests are represented in a number of civil actions that may result in compensatory damages and/or restitution being paid to them, including via (i) the pending SEC enforcement action against Defendants, their affiliated entities, and GPB; (ii) private civil actions brought by GPB Fund investors against Defendants and others (including a number filed as proposed class actions); (iii) state civil enforcement actions against Defendants and others through which restitution may be ordered brought by Georgia, Illinois, Missouri, New Jersey, New York, South Carolina, and Alabama; (iv) certain investor suits brought against their brokers for fraud and/or breach of fiduciary duty arising out of GPB Fund investments; and (v) FINRA enforcement actions against broker-dealers arising out of the sale of the GPB Funds, which actions have included restitution to investors. Civil proceedings are the more appropriate fora in which to litigate the many complex factual issues that need to be resolved to order restitution, see United States v. Reifler, 446 F.3d 65, 136-37 (2d Cir. 2006), and here, there are over a dozen forums in which these issues can be litigated.

Thus, Defendants agree that the Court should not order restitution in this case. Defendants further agree that, to the extent the Court orders forfeiture, remission in lieu of

restitution would be appropriate given the outstanding complex issues of fact which the Court would need to resolve to order restitution.  See 18 U.S.C. § 3663A(c)(3).

                                                        Respectfully submitted,

                                                        JOSEPH NOCELLA, JR.
                                                        United States Attorney

By:    /s/_____
        Jessica K. Weigel
        Nick M. Axelrod
        Assistant U.S. Attorneys
        (718) 254-7000

Cc:    Clerk of the Court (RPK) (by ECF)