UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

UNITED STATES OF AMERICA,

v.

**MEMORANDUM AND ORDER**
21-CR-54 (RPK)

JEFFRY SCHNEIDER,

Defendant.

---------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

A jury convicted Jeffry Schneider of securities fraud, conspiracy to commit securities fraud, and conspiracy to commit wire fraud. The Court sentenced Schneider to six years in prison. A month before his scheduled surrender date, Schneider filed a motion under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release on the basis that the President had commuted his co-defendant's sentence. The compassionate-release statute permits a court to grant a defendant's application for a sentence reduction only after he has first filed an application seeking compassionate release with the warden of his facility, and the warden has either refused to file a compassionate-release request on the defendant's behalf or failed to act on the application for 30 days. Schneider filed this application without satisfying those requirements. Accordingly, the application is denied without prejudice to filing a further application after satisfying the statutory prerequisites.

The sentence in a criminal case is part of a final judgment, which a district court "may not modify" except as authorized by law. 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010). The compassionate-release statute that Schneider invokes provides such an authorization, by permitting a district court to reduce a sentence

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

if the court makes certain findings. 18 U.S.C. § 3582(c)(1)(A).

Schneider is not entitled to relief under this provision because of his failure to satisfy the exhaustion requirement. Schneider's motion is, of course, not filed "upon motion of the Director of the Bureau of Prisons." And Schneider concedes that he has not satisfied either of the two exhaustion options for a defendant making his own compassionate release application—"fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or waiting "30 days from the receipt of such a request by the warden of [Schneider's] facility." 18 U.S.C. § 3582(c)(1)(A). While the exhaustion requirement can be waived or forfeited by the government because it is a claims-processing rule, rather than a jurisdictional limit, *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021), the government has not done so here. Instead, the government asserts the exhaustion requirement as a bar to relief. Mem. in Opp. to Mot. to Reduce Sentence 4–6 (Dkt. #662).

Schneider nevertheless asks that the Court itself "waive" the statutory exhaustion requirement because "administrative exhaustion would be impractical." Mot. to Reduce Sentence 2 n.1 (Dkt. #659). But the exhaustion requirement is statutory. 18 U.S.C. § 3582(c)(1)(A). While judges may craft exceptions to exhaustion requirements created by judges themselves, they are not free to disregard statutory requirements. When it comes to exhaustion requirements of that type, the Supreme Court has explained, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 578 U.S. 632, 639 (2016). Congress did not authorize judicially crafted exceptions in the compassionate-release statute. It stated that a "court *may not* modify a term of imprisonment" based on a defendant's compassionate-release

application unless the defendant satisfies the administrative exhaustion requirements, 18 U.S.C. § 3582(c)(1)(A) (emphasis added), the defendant was sentenced to imprisonment based on a Sentencing Guidelines range that has since been lowered, *id.* § 3582(c)(2), or another statute authorizes relief*, id*. § 3582(c)(1)(B). Consistent with this language, every court of appeals to address the question has held that district courts lack the authority to grant compassionate release to defendants who have not satisfied the statutory exhaustion requirement in the absence of waiver or forfeiture by the government. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021); *United States v. McGreggor*, No. 20-10165, 2020 WL 9602344, at *1 (9th Cir. Oct. 26, 2020); *United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021); *United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021); *see also Saladino*, 7 F.4th at 126 (Menashi, J., concurring).

Some district courts in this Circuit took a more expansive approach during the COVID-19 pandemic, but even those decisions would not aid Schneider. Those courts granted release to medically compromised inmates, typically reasoning that enforcing the exhaustion requirement could "entirely defeat the ability of the court to grant relief" because of the "life-threatening circumstances" those inmates faced. *United States v. Kissi*, 469 F. Supp. 3d 21, 29–30 (E.D.N.Y. 2020) (citations and alterations omitted). Under the "extreme circumstances" of the pandemic, those courts concluded, "congressional intent" in enacting the compassionate-release statute would be better effectuated by excusing exhaustion than requiring it. *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020). That reasoning, of course, does not apply here: Schneider has

offered no reason to believe that requiring exhaustion would render the Court unable to ultimately grant relief.

The thrust of Schneider's complaint appears to be that exhaustion would cause delay—potentially requiring him to surrender to his designated facility and wait 30 days before filing a motion with this Court. *See* Mot. to Reduce Sentence 2 n.1 (stating, without elaboration, that exhaustion would be "impractical"). But Schneider points to no court excusing exhaustion on that basis. That is unsurprising. Exhaustion requirements delay the opportunity to seek judicial relief in virtually every case by requiring a litigant to seek redress somewhere else first. An exception based upon delay would therefore swallow up the statutory exhaustion requirement entirely. Even if courts could recognize equitable exceptions to the compassionate-release statute's exhaustion requirement—a position no circuit has yet adopted—excusing exhaustion simply to avoid delay would be inconsistent with the statutory scheme.

* * *

The motion for compassionate release is denied without prejudice to refiling after Schneider exhausts his administrative remedies as required by § 3582(c)(1)(A).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: June 2, 2026
Brooklyn, New York