UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

UNITED STATES OF AMERICA,

v.

**MEMORANDUM AND ORDER**
21-CR-54 (RPK)

JEFFRY SCHNEIDER,

Defendant.

---------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

A jury convicted Jeffry Schneider and co-defendant David Gentile of defrauding investors in private equity funds operated by GPB Capital Holdings. Schneider was sentenced to six years in prison, and Gentile was sentenced to seven. The President then commuted Gentile's sentence to time served but did not commute Schneider's sentence.

Schneider moved for compassionate release under 18 U.S.C. § 3582(a)(1), invoking Gentile's commutation. Mot. for Compassionate Release (Dkt. #659). The Court denied that motion without prejudice to refiling because Schneider had not exhausted his administrative remedies. *United States v. Schneider*, No. 21-CR-54 (RPK), 2026 WL 1557532, at *1 (E.D.N.Y. June 2, 2026). Schneider has now exhausted his administrative remedies and brings a second motion for compassionate release on substantially the same grounds as his first motion. Second Mot. for Compassionate Release (Dkt. #666). For the following reasons, the second motion is denied.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion

requirement." *United States v. Jones*, 17 F.4th 371, 373–74 (2d Cir. 2021) (per curiam). To grant a sentence reduction under this section, a district court must first conclude the defendant is "eligible" for it. *Rutherford v. United States*, 146 S. Ct. 1320, 1333 (2026). A defendant is eligible if "extraordinary and compelling reasons warrant such a reduction." *Id.* at 1327 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Extraordinary and compelling reasons are reasons that are "especially unusual and convincing." *Id.* at 1330. Congress has authorized the United States Sentencing Commission to promulgate policy statements that "describe what should be considered extraordinary and compelling reasons," 28 U.S.C. § 994(t), and it requires that a sentence reduction granted by a court be "consistent" with those policy statements, *id.* § 3582(c)(1)(A); *see Rutherford*, 146 S. Ct. at 1334. The Sentencing Commission's latest policy statement describes extraordinary and compelling reasons as ones involving the defendant's age, medical circumstances, family circumstances, the fact that the defendant was a victim of abuse, certain changes in the law made after a defendant has served at least ten years in prison, and "other reasons" that are "similar in gravity." U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2023).

A finding that a defendant is eligible for a sentence reduction is "necessary—but not sufficient—for a defendant to obtain relief." *Jones*, 17 F.4th at 374. If a defendant is eligible, then the Court may reduce the sentence based on the considerations—often called the 3553(a) factors—that are generally relevant to sentencing under federal law. *Ibid.* These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; the need "to afford adequate deterrence to criminal conduct"; and "the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct." 18 U.S.C. 3553(a). Even if extraordinary and compelling circumstances exist and a sentence reduction would be consistent with Sentencing Commission policy statements, "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'" *Jones*, 17 F.4th at 374 (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)).

**DISCUSSION**

Schneider is not eligible for compassionate release because the commutation of a co-defendant's sentence is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Roland*, No. 17-CR-488 (RMB), 2026 WL 1959346, at *3–4 (D.N.J. July 7, 2026) (observing "a germinating consensus among District Courts" in favor of this conclusion).

The commutation of a co-defendant's sentence is not especially unusual. There are numerous examples of the President commuting one defendant's sentence but not another's. *See, e.g.*, *United States v. Mason*, No. 21-CR-499 (PAE), 2025 WL 1404626, at *5 (S.D.N.Y. May 15, 2025) (collecting examples). More generally, co-defendants routinely receive disparate sentences for a variety of reasons unrelated to moral culpability. For example, some co-defendants are offered the opportunity to receive a reduced sentence if they plead guilty and cooperate with the government, while others are not. *See United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024) (explaining that "lower sentences for cooperating defendants are explicitly contemplated by the sentencing statute" and this practice is "hardly 'most unusual,' 'far from common,' or with 'little or no precedent'" (citation omitted)).

Additionally, the commutation of a co-defendant's sentence does not involve a material change in the *personal* circumstances of the defendant requesting compassionate release. A

defendant's "personal circumstances" are "the heartland of compassionate release." *Rutherford*, 146 S. Ct. at 1331. The Sentencing Commission's policy statement is consistent with this approach, focusing on circumstances such as age and medical condition that are unique to the defendant himself. For that reason, "courts considering like applications have generally held that the commutations of others' sentences do not merit compassionate release." *Mason*, 2025 WL 1404626, at *5 (denying compassionate release after a co-defendant's sentence commutation); *United States v. Roland*, No. 17-488 (RMB), 2026 WL 1959346, at *3–4 (D.N.J. July 7, 2026) (same); *United States v. Gamble*, No. 18-CR-0606 (JS), 2025 WL 3089386, at *7 (E.D.N.Y. Nov. 4, 2025) (same).

Moreover, the decision to grant clemency is an Executive prerogative. U.S. Const. art. II, § 2, cl. 1. The President exercised that prerogative here by deciding to commute Gentile's sentence and not to commute Schneider's. Courts are not authorized to "probe behind that Executive Branch decision," *Mason*, 2025 WL 1404626, at *4, and assess whether it was "too generous or too stingy," *ibid.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 9 (2011)). Schneider emphasizes that the White House, when announcing Gentile's grant of clemency, cast doubt on the legal theory under which both Schneider and Gentile were convicted. *See* Second Mot. for Compassionate Release 3. But whether or not there is "a factual basis to distinguish" between Schneider and Gentile is precisely the sort of question "entrusted solely to the Executive" when it determines to whom it will grant clemency. *Mason*, 2025 WL 1404626, at *4.

Even if Schneider was eligible for compassionate release, the Section 3553(a) factors continue to favor his original sentence. Gentile's clemency does not change the fact that Schneider committed a serious crime that warrants a substantial punishment. As the Court explained at sentencing, the trial evidence showed that Schneider made a calculated decision to defraud many

investors over a sustained period. Sentencing Tr. 160–64 (Dkt. #624). That decision inflicted great financial hardship on the investors, many of whom were not wealthy and were relying on their investments in GPB Capital Holdings for support during retirement. *Id.* at 163. The original sentence reflects the significant harm caused by the offense and serves to deter others from considering similar conduct.

Schneider incorrectly argues that Gentile's commutation alters the Section 3553(a) analysis because it creates an unwarranted sentencing disparity between Gentile and Schneider. "[T]he need to avoid unwarranted sentence disparities" is only one factor to be balanced amongst many in the Court's sentencing decision. 18 U.S.C. § 3553(a)(6). As explained above, the Section 3553(a) factors considered as a whole favor a substantial sentence. In addition, Gentile's clemency provides, at most, one comparator that is relevant to the sentencing disparity analysis. The disparity analysis is intended "to minimize nationwide disparities," not case-specific ones. *United States v. Stewart*, No. 23-6330, 2024 WL 3517853, at *2 (2d Cir. July 24, 2024) (quoting *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007)). Many other comparators have received substantial sentences for serious fraud schemes. *See, e.g.*, *United States v. Bankman-Fried*, No. 22-CR-673 (LAK) (S.D.N.Y.) (25-year sentence for misappropriating investor funds); *United States v. Velissaris*, No. 22-CR-105 (DLC) (S.D.N.Y.) (15-year sentence for misrepresenting performance of investments); *United States v. Hu*, No. 20-CR-360 (AKH) (S.D.N.Y.) (12-year sentence for falsifying information related to loans that defendant traded for his clients). Terminating Schneider's sentence would create a large disparity with respect to those comparators. As a result, Gentile's commutation changes neither the sentencing disparity analysis nor the Court's consideration of the Section 3553(a) factors as a whole.

In sum, Schneider has not shown that he is eligible for compassionate release or that the Section 3553(a) factors favor a reduced sentence.

**CONCLUSION**

For the foregoing reasons, the motion for compassionate release is denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: October 9, 2026
Brooklyn, New York